EL PUEBLO, DEMANDANTE Y APELADO, *v.* DÍAZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por acometimiento y agresión grave.

No. 1256.—Resuelto en junio 17, 1918.

AGRESIÓN REALIZADA CON EL MANGO DE UN FOETE — CIRCUNSTANCIAS AGRAVANTES.—El uso de un bastón o de un foete, cualquiera que fuere el modo en que se haga uso de uno u otro para pegarle a un hombre, lleva la intención de inferirle deshonra. En este caso, en el cual hubo suficiente prueba tendente a demostrar que el apelante mandó a su cochero a que le pegara a Enrique de Thomas con un foete, la agresión se realizó con el mango de un foete. De acuerdo, pues, con la anterior doctrina, el acusado apelante es responsable de un delito de acometimiento y agresión con circunstancias agravantes.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Carlos Travecier.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Agustín Díaz Smaine fué acusado de un delito de acometimiento y agresión grave, por haber aconsejado e incitado a su cochero Juan Carrillo a que acometiera a Enrique de Thomas con un foete. El acometimiento y agresión tuvo lugar, y de ese modo Agustín Díaz Smaine, por virtud del artículo 36 del Código Penal, se hizo culpable, como principal, de un acometimiento y agresión, en el mismo grado que el cochero Juan Carrillo.

El apelante sostiene que la prueba de la culpabilidad fué insuficiente por cuanto distintos testigos del Gobierno manifiestan que el apelante estaba en diferentes sitios y que pronunció distintas frases al tiempo de la agresión. Estas contradicciones aparentes que hay en las manifestaciones de los testigos, son tan frecuentes que casi constituyen la regla general. Aunque hubo discrepancia entre la prueba del Gobierno y la del acusado, sin embargo hubo suficiente prueba tendente a demostrar que el apelante mandó a su cochero a que le pegara a Enrique de Thomas con un foete. No estaba tampoco la corte obligada a creer la coartada alegada por el acusado.

Puesto que la agresión se realizó con el mango de un foete, se sugiere por el Fiscal, y no por el apelante, que puede haber duda sobre si el delito, aún siendo un acometimiento y agresión, contenga algún agravante. No hay duda de que la agresión se llevó a cabo con un foete, y que cae literalmente bajo el número 6 de la sección 6 de la Ley de marzo 10, 1904, que dice así:

"Sección 6.—Todo acometimiento y agresión será considerado con circunstancias agravantes en los siguientes casos:

    *       *       *       *       *       *       *

"6. Cuando el instrumento o los medios que se emplearen fueren tales, que infirieren deshonra a la persona agredida, como acometimiento y agresión con foete, azote o bastón."

El instrumento o medio fué un foete y, sin duda, infirió

deshonra sobre la persona del denunciante. La única duda que encontramos es nuestra decisión en el caso de *El Pueblo* v. *Benítez,* 23 D. P. R. 339. Allí resolvimos, siguiendo por analogía el acometimiento con el mango de una pistola, que si el instrumento no se usaba en la forma en que corrientemente se usa un foete, no era el delito un acometimiento y agresión grave. Pero, aún cuando el caso de *El Pueblo* v. *Benítez* puede quizás distinguirse del presente por razón de la manera en que tuvo lugar la agresión, una más madura consideración nos ha convencido de que la analogía entre el mango de una pistola y el de un foete no fué bien establecida y que el uso de un bastón o de un foete, cualquiera que fuere el modo en que se haga uso de uno u otro, para pegarle a un hombre lleva la intención de inferirle deshonra. En todo caso siempre sería de la incumbencia del apelante el demostrar que hubo alguna circunstancia en el uso del foete que convirtiera el caso en un simple acometimiento y agresión. Sea como fuere, el caso de *El Pueblo* v. *Benítez,* en cuanto está en conflicto con el presente, queda expresamente desautorizado.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.